UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Petitioner,         Case No. 1:08-mc-46

v.                  Hon. Gordon J. Quist

THOMAS GRIFFIN,

     Respondent.

_____/

**REPORT AND RECOMMENDATION**

    This is a proceeding to judicially enforce an Internal Revenue Service summons issued on September 24, 2007 by then revenue office Larry E. Miller of the Internal Revenue Service to respondent Thomas Griffin pursuant to 28 U.S.C. § 7602, and served upon respondent the same day.  The summons arises out of an investigation of the tax liability of respondent for calendar years 2004 through 2006.

    The petition to enforce the summons was filed in this court pursuant to 26 U.S.C. § 7402(b) and 7604(a) on April 18, 2008.  On April 24, 2008, an Order to Show Cause was entered directing respondent to show cause on June 10, 2008 why he should not be compelled to comply with the summons.

    Both petitioner and respondent appeared for the hearing.  Based upon the petition, and the declaration and testimony of Larry A. Miller, I find that the investigation of the respondent referred to in the petition is being conducted pursuant to a legitimate purpose, that the information which petitioner seeks by use of the summons served on the respondent is relevant to that purpose,

1

that the information sought thereby is not already within the possession of the Internal Revenue

Service summons, that no recommendation for prosecution of the respondent has been made by the

Internal Revenue Service to the United States Department of Justice, and that the administrative

steps required by the Internal Revenue Service code to obtain such information have been followed.

The testimony of Revenue Officer Miller established that respondent did appear on October 18, 2007

in response to the summons, but failed to comply with the summons by testifying or producing any

books, records or other documents as required by the summons.

Respondent appears to be under the misapprehension that enforcement of a summons

requires some showing that a tax is due, or at least that the respondent is subject to taxation.  The

authority to issue administrative summonses is part of the broad statutory charge to the Secretary

of Treasury to inquire concerning "all persons. . .who may be liable to pay any Internal Revenue

tax." 26 U.S.C. § 7601.  The power of inquiry is part of a "positive duty" placed upon the Secretary

to investigate and audit persons who may be liable for taxes.  *See, Donaldson v. United States,* 400

U.S. 517, 523 (1971); *see also, United States v. Maczka,* 957 Fed. Supp. 988, 990 (W.D. Mich.

1996). Probable cause is not necessary to support an administrative summons.  The Secretary may

investigate on mere suspicion that the law is being violated, or even because he or she wants

assurance that it is not.  *United States v. Powell,* 379 U.S. 48, 57 (1964).  The validity or invalidity

of the tax assessment is simply irrelevant to the issue of enforcement of the summons.  *United States

v. Mueller,* 930 F.2d 10, 12 (8th Cir. 1991); *Chase v. United States,* No. 1:94:cv:328, 1994, WL

644845, at *1 (W.D. Mich., August 25, 1994, *adopted,* 1994 WL 713991 (W.D. Mich., October 13,

2994); *United States v. Vanderzand,* 1997 WL 581066 (W.D. Mich., May 7, 1997).

Respondent has also, apparently, repeatedly demanded to know the authority of the Internal Revenue Service to issue its summons.  This authority is set forth in 26 U.S.C. § 2602 and Treasury Regulations § 301.7602-1, 26 CFR § 301.7602-1, as explained in the second paragraph of the petition and as found on the back of the summons that was served upon the respondent.

For the reasons set forth above, I respectfully recommend that an order be entered compelling respondent to comply with the terms of the summons heretofore served upon him, and that said order specify a time, date and place for such compliance.

Dated:  June 20, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).